IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBBIN BANISTER,

      Plaintiff,

vs.                                                                                No. CV 18-0755 KG/JHR

NADENE GRAGO,
et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner Civil Rights Complaint filed by Plaintiff, Robbin Banister (Doc. 1) ("Complaint"). The Complaint fails to state a claim on which relief can be granted. The Court will dismiss the Complaint and grant leave to file an amended complaint within thirty (30) days.

Factual and Procedural Background

Plaintiff Robbin Banister filed her Prisoner Civil Rights Complaint on August 7, 2018. (Doc. 1). She states the nature of her case as follows;

> "I have bad health problems and have been harrassed over
> & over again for no reason I work as a shower porter Ima $48.62
> a month and bearly get buy and I am suing $1,800,000.00"

(Doc. 1 at 2) (errors in the original). She identifies two claims in her Complaint: "Claim I: all of them and I don't own a gun" (Doc. 1 at 2); and "Claim II: I am tied of losing my job over others gossip" (Doc. 1 at 3). As supporting facts, she alleges "I am disabled and Believe in god and I am not a devil worshiper." (Doc. 1 at 3). Attachments to her Complaint and addendums include letters, prison grievance forms, and handwritten notes on a wide range of vaguely described

1

matters including meal contents, meal tray sanitation, toilet privacy, medical diagnosis and care, and prison lockdowns. As an example, in a letter to a Magistrate Judge, she claims:

> "I Robbin Banister. The lunch was called at 11:53am I walked 285 feet and more up a steep hill. Was told out of no where. The prison was under lock down. That is human cruelty. When first of all I went to breakfast."

(Doc. 1 at 7).

The only Defendant specifically named in the Complaint is Nadene Grago, a kitchen employee. (Doc. 1 at 1). However, in a later filing, Banister insists that Grago is not a defendant but, instead, Banister's witness. (Doc. 4 at 4). In her filings, Banister claims that she is suing generalized groups of defendants or tries to identify individuals by physical descriptions:

> "Im going to sue all the COs on the morning and afternoon shift. on May 11, 2018 $5,000.00 you can find out who is on the time sheet for money Roovers name Unit 8 Larry Native man)."

(Doc. 1 at 7).

> "[S]uing all medical at Western New Mexico Correctional Facility for Hepia as well as dening me food for inhanced meals at breakfast, and dinner time peanut butter and gram crackers were suppose to be on a sack lunch to get during lunch time 12pm. The Law Suit will containe the amount of $100,000.00 for mental anguish as well as pain and suffering."

(Doc. 6).

Dismissals for Failure to State a Claim

Plaintiff Banister is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.

1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

<u>Analysis of the Plaintiff's Claims</u>

I. Plaintiff's Complaint Does Not Comply With Fed. R. Civ. P. 8:   Plaintiff Banister's claims in this case are rambling and vague. Plaintiff has supplemented her allegations with letters and copies of prison grievance forms. It is unclear who Banister is suing, what she alleges occurred that violated her constitutional rights, and what relief she is seeking from the Court. The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action. *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000). The rules are designed to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Fed. R. Civ. P. 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible

filings bury material allegations in "a morass of irrelevancies." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Plaintiff's rambling filings do not comply with the requirements of the Federal Rules of Civil Procedure and do not state any plausible claim for relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint but will grant Plaintiff Banister leave to file a final amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and this Memorandum Opinion and Order. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716; *Minter,* 451 F.3d at 1206.

II. Plaintiff's Complaint Fails to State a § 1983 Claim:  Plaintiff Banister's claims are brought under 42 U.S.C. § 1983.  (Doc. 1 at 1-2). The exclusive remedy for vindication of constitutional violations is under § 1983. *See*, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action,

it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The only individual official actually named as a Defendant in this case is kitchen worker Nadene Grago. (Doc. 1 at 2). However, the Complaint does not factually allege any conduct by Defendant Grago. *West v. Atkins*, 487 U.S. at 48. Nor does Banister claim that Grago violated her constitutional rights. *Trask v. Franco*, 446 F.3d 1046. To the contrary, in later filings, Banister states that she did not intend Grago to be a Defendant but, instead, she is a witness for Banister. (Doc. 4 at 4). The Complaint does not state a § 1983 claim for relief against Grago. *Iqbal,* 556 U.S. at 676.

Nor do Banister's generalized claims against all morning and afternoon correctional officers and medical officials or her vague descriptions of individuals provide the Court with sufficient information to identify any individual defendant. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, the Complaint does not specify any personal action by any individual that resulted in a constitutional violation. *Fogarty v. Gallegos,* 523 F.3d at 1162. The Complaint similarly does not state a civil rights claim against any unnamed individual. *Iqbal,* 556 U.S. at 676. The Complaint does not state a factually plausible claim for § 1983 relief. *Twombly,* 550 U.S. at 570.

The Court Will Grant Leave to Amend

Banister's Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Banister an opportunity to amend to remedy the defects in her pleading. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions

Banister that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Banister of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

The Court will Order Banister to amend the Complaint to allege any claims she believes she may have against any individual defendant, consistent with the requirements of Fed. R. Civ. P. 8 and 11(b) and this Memorandum Opinion and Order. Banister must file her amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

IT IS ORDERED:

(1) the Prisoner Civil Rights Complaint filed by Plaintiff, Robbin Banister (Doc. 1) is DISMISSED for failure to state a claim on which relief can be granted; and

(2) Plaintiff Banister is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE