IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBBIN BANISTER,

       Plaintiff,

vs.                                                                                            No. CV 18-00755 KG/JHR

NADENE GRAGO,
et al.,

       Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner Civil Rights Complaint filed by Plaintiff, Robbin Banister (Doc. 1) ("Complaint"). The Court dismissed Plaintiff's Complaint on March 23, 2021, for failure to comply with the Federal Rules of Civil Procedure and failure to state a claim on which relief can be granted. (Doc. 8). The Court granted Plaintiff leave to file an amended complaint within thirty (30) days. Plaintiff has not filed an amended complaint or communicated with the Court. Therefore, the Court will dismiss the Complaint with prejudice and enter final Judgment.

Plaintiff Robbin Banister filed her Prisoner Civil Rights Complaint on August 7, 2018. (Doc. 1). The Court dismissed the Complaint on March 23, 2021, with leave to file an amended complaint within 30 days. (Doc. 8). The Court dismissed the Complaint on the grounds that it does not comply with Fed. R. Civ. P. 8. (Doc. 8 at 4-5). Plaintiff Banister's claims in this case are rambling and vague, she has supplemented her allegations with letters and copies of prison grievance forms, and it is unclear who Banister is suing, what she alleges occurred that violated her constitutional rights, and what relief she is seeking from the Court. The Court is not required

to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action. *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton,* 215 F.3d 1337 (10th Cir. 2000). Plaintiff's rambling filings do not comply with the requirements of the Federal Rules of Civil Procedure. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989).

The Court also dismissed Plaintiff's Complaint because it fails to state a § 1983 claim. (Doc. 8 at 5-6). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988); *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). The only individual official actually named as a Defendant in this case is kitchen worker Nadene Grago. (Doc. 1 at 2). However, the Complaint does not factually allege any conduct by Defendant Grago. *West v. Atkins,* 487 U.S. at 48. Nor does Banister claim that Grago violated her constitutional rights. *Trask v. Franco,* 446 F.3d 1046. The Complaint similarly does not state a civil rights claim against any unnamed individual. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). The Complaint does not state a factually plausible claim for § 1983 relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court granted Banister an opportunity to amend to remedy the defects in her pleading. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). The Court also notified Banister that failure to file an amended complaint could result in final dismissal of this action without further notice. (Doc. 8 at 6-7). Banister did not file an amended complaint within the time permitted by the Court and has not communicated with the Court. Therefore, the Court will dismiss the Complaint with prejudice and enter Judgment.

IT IS ORDERED that the Prisoner Civil Rights Complaint filed by Plaintiff, Robbin Banister (Doc. 1) is DISMISSED with prejudice for failure to comply with the Federal Rules of Civil Procedure and failure to state a claim on which relief can be granted, and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE